IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:02CV01109 |
| RAYMOND MARKER and UNITED STATES PRIVATE INVESTMENT FUND | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM ORDER**

TILLEY, Chief Judge

For the reasons set forth in this order, the Receiver's First Interim Application to Allow and Pay Accountant's Fees and Expenses [Doc. # 41] is DENIED but with permission to refile after providing additional information..

**I.**

On September 30, 2003, the Court appointed a Receiver for the estate of Raymond M. Marker and United States Private Investment Fund ("USPIF") [Doc. # 37].[1] Under this order, the Receiver was given all powers and rights necessary to efficiently administer and manage the Receivership Estate. The Receivership Estate

---

[1] Thomas W. Waldrep, Jr. was originally appointed as Receiver for the Marker and USPIF estate. Mr. Waldrep was replaced as Receiver by Elizabeth M. Repetti in an order dated May 21, 2004 [Doc. # 49].

1

was defined to include the assets of Mr. Marker, USPIF, and any other entity owned or controlled by Mr. Marker or USPIF. Among the powers given to the Receiver was the power to employ and engage others to assist him in carrying out his duties. (Order Appointing Receiver, Sept. 30, 2003, pt. II, ¶ f.) However, any payments from the Receivership Estate for outside services are subject to Court approval. Id.

On March 12, 2004, the Receiver filed an application with the Court, requesting that the Court allow and pay accountant's fees and expenses in the amount of $39,640.40 for the period November 9, 2003 through December 31, 2003 [Doc. # 41]. The Receiver employed the accounting firm, Dixon Hughes, PLLC ("Dixon Hughes"), to conduct an analysis of Mr. Marker's computers, tax returns, and other financial records, and to perform several additional forensic accounting functions. Accompanying the application is a summary of the number of hours worked by each Dixon Hughes accountant and staff member, the type of work performed, the customary billing rate for each employee, and the monetary value assigned to each task. (Receiver's First Interim App., Ex. A.) The Receiver asks that the Court authorize payment of fees in the amount of $38,374.00 and expenses in the amount of $1,266.40, for a total of $39,640.40.

II.

Under Fourth Circuit precedent, a district court is required to consider several factors when evaluating the reasonableness of a fee award for professional

2

services.  Barber v. Kimbrell's, Inc. 577 F.2d 216, 226 n.28 (4th Cir. 1978) (attorney's fees); In re G.G. Moss Co., Inc., 57 F.3d 1066, 1066 (4th Cir. 1995) (unpublished opinion) (accountant's fees).  These factors include (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the services rendered; (4) the opportunity costs of accepting the case; (5) the customary fee for similar work; (6) the professional's expectations at the outset of the employment; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and abilities of the professional; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the Client; and (12) fee awards in similar cases.  Barber, 577 F.2d at 226 n.28 (relying on Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)).  However, the starting point for establishing the proper amount of a fee award is the number of hours reasonably expended, multiplied by a reasonable hourly rate.  Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 174 (4th Cir. 1994).  The so-called 'Johnson factors' are to be used in evaluating the 'reasonableness' of the hours expended and hourly rate.  Daly v. Hill, 790 F.2d 1071, 1078 (4th Cir. 1986).  In particular, the hourly rate charged by the professional is to be compared with prevailing market rates in the local community and "what attorneys earn from paying clients for similar services in similar circumstances."  Rum Creek, 31 F.3d at 175 (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)).

In support of his motion, the Receiver includes a copy of an itemized bill from Dixon, Hughes along with a detailed description of the forensic computer services that they provided. While much of this information is useful for the purpose of applying the Johnson factors, the Receiver has not provided the Court with any information concerning how comparable the hourly rate charged by Dixon Hughes is to other accountants in the Middle District or how the fees in this case compare to fees awarded in similar cases. Without this information, the Court cannot accurately apply the Johnson factors to this case. Therefore, the Receiver's First Interim Motion to Approve and Pay Accountant's Fees is denied until further information is provided.

**III.**

For the reasons set forth in this order, the Receiver's First Interim Application to Allow and Pay Accountant's Fees and Expenses [Doc. # 41] is DENIED without prejudice.

It is further ordered that the Receiver may file an amended application for accountant's fees and costs with additional supporting documentation.

This the day of October 27, 2005

                                          /s/ N. Carlton Tilley, Jr.
                                          United States District Judge