IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION ) ) ) Plaintiff, ) ) v. ) ) RAYMOND MARKER and ) UNITED STATES PRIVATE ) INVESTMENT FUND ) ) Defendants. ) ) | 1:02CV01109 |

MEMORANDUM ORDER

For the reasons set forth in this order, the Receiver's First Interim Application to Allow and Pay (1) Receiver's Fees and Expenses and (2) Attorneys' Fees and Expenses [Doc. # 40] is DENIED but with permission to refile after providing additional information. The Receiver's Motion to Establish Raymond M. Marker as Owner of Real Property and to Establish Receiver's Right to Homestead Exemption from Proceeds of Judgment Execution Sale [Doc. # 54] is also DENIED.

I.

On September 30, 2003, the Court appointed a Receiver for the estate of Raymond M. Marker and United States Private Investment Fund ("USPIF") [Doc. # 37].[1] Under this Order, the Receiver was given all powers and rights necessary to

---

[1] Thomas W. Waldrep, Jr. was originally appointed as Receiver for the Marker and USPIF estate. Mr. Waldrep was replaced as Receiver by Elizabeth M.

1

efficiently administer and manage the Receivership Estate.  The Receivership Estate was defined to include the assets of Mr. Marker, USPIF, and any other entity owned or controlled by Mr. Marker or USPIF.  Among the powers given to the Receiver was the power to employ and engage others to assist her in carrying out her duties.  (Order Appointing Receiver, Sept. 30, 2003, pt. II, ¶ f.)  However, any payments from the Receivership Estate for outside services are subject to Court approval.  Id.

On March 5, 2004, the Receiver filed an application with the Court, requesting that the Court allow and pay (1) Receiver's fees and expenses and (2) attorneys' fees and expenses for the period September 30, 2003 through December 31, 2003 [Doc. # 40].  The Receiver employed the law firm of Bell, Davis & Pitt, P.A. ("Bell, Davis & Pitt") as general counsel of the Receivership Estate.  Accompanying the application for fees and expenses is a summary of the number of hours worked by each Bell, Davis & Pitt attorney and staff member, the type of work performed, the customary billing rate for each employee, and the monetary value assigned to each task.  (Receiver's First Interim App., Ex. A.)  The Receiver asks that the Court authorize payment of fees in the amount of $25,215.00 and expenses in the amount of $2,191.57, for a total of $27,406.57.  These amounts represent the combined fee and total expenses of both the Receiver

---

Repetti in an Order dated May 21, 2004 [Doc. # 49].

and the Bell, Davis & Pitt attorneys.[2]

## II.

As discussed in the Court's October 27, 2005 Memorandum Order [Doc. # 56], a district court is required to consider several factors when evaluating the reasonableness of an attorneys' fee award. Barber v. Kimbrell's, Inc. 577 F.2d 216, 226 n.28 (4th Cir. 1978). These factors include (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the services rendered; (4) the opportunity costs of accepting the case; (5) the customary fee for similar work; (6) the professional's expectations at the outset of the employment; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and abilities of the professional; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the Client; and (12) fee awards in similar cases. Barber, 577 F.2d at 226 n.28 (relying on Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)). However, the starting point for establishing the proper amount of a fee award is the number of hours reasonably expended, multiplied by a reasonable hourly rate. Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 174 (4th Cir. 1994). The so-called 'Johnson factors' are to be used in evaluating the 'reasonableness' of the

---

[2] Thomas W. Waldrep, Jr. was an attorney and director of Bell, Davis & Pitt at the time of the application. The current Receiver, Elizabeth M. Repetti, is also an attorney with Bell, Davis & Pitt.

hours expended and hourly rate.  Daly v. Hill, 790 F.2d 1071, 1078 (4th Cir. 1986).  In particular, the hourly rate charged by the professional is to be compared with prevailing market rates in the local community and "what attorneys earn from paying clients for similar services in similar circumstances."  Rum Creek, 31 F.3d at 175 (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)).

In support of her motion, the Receiver includes a copy of an itemized bill from Bell, Davis & Pitt, along with a detailed description of the work performed by the firm's attorneys and staff members.  While much of this information is useful for the purpose of applying the Johnson factors, the Receiver has not provided the Court with any information concerning how the hourly rate charged by Bell, Davis & Pitt compares to that of other attorneys in the Middle District or how the fees in this case compare to fees awarded in similar cases.  Without this information, the Court cannot accurately apply the Johnson factors to this case.  Therefore, the Receiver's First Interim Motion to Approve and Pay (1) Receiver's Fees and Expenses and (2) Attorneys' Fees and Expenses is denied until further information is provided.

### III.

On April 7, 2005, the Receiver submitted a motion [Doc. # 54] requesting that the Court enter an order (1) establishing Raymond M. Marker as the record owner of 1930 Golden Gate Drive, Greensboro, North Carolina; (2) declaring that the Receivership Estate is entitled to Mr. Marker's homestead exemption from the

4

proceeds of any judgment execution sale of this property; and (3) declaring that the Receivership has no effect on the respective priorities of the lienholders on Mr. Marker's estate pursuant to North Carolina state law.

According to the Receiver, the property in question was acquired by Mr. Marker's mother, Susie J. Marker, in 1976. Ms. Marker passed away in July of 1987, but no estate file has been opened on her behalf by Guilford County. The Receiver contends that Raymond Marker is the only child and sole heir of Susie J. Marker and therefore urges the Court to declare Mr. Marker the owner of 1930 Golden Gate Drive. However, NC Gen. Stat. § 28A-2-1 vests exclusive jurisdiction over the administration, settlement and distribution of a decedent's estate with the Clerk of Superior Court and "[t]he law is well settled that the federal courts have no jurisdiction over matters within the exclusive jurisdiction of state probate courts." Foster v. Carlin, 200 F.2d 943, 947 (4th Cir. 1953); see also Rosenberg v. Baum, 153 F.2d 10, 12 (10th Cir. 1946); Blakemon v. Conroy, 512 F.Supp. 325, 328 (E.D.N.Y. 1981); Akrotirianakis v. Burroughs, 262 F.Supp. 918, 921 (D. Md. 1967).

Accordingly, the Receiver's motion to declare Raymond M. Marker as the owner of 1930 Golden Gate Drive must be denied. Moreover, because Mr. Marker is not the record owner of 1930 Golden Gate Drive, the Court cannot declare that the Receivership Estate is entitled to any homestead exemption resulting from a judgment execution sale. Finally, the Court does not have enough information to

5

determine the respective priorities of the Receivership Estate and the other claims on Mr. Marker's estate at this time. Therefore, the Receiver's Motion to Establish Raymond M. Marker as the Owner of Real Property is denied.

### IV.

For the reasons set forth in this order, the Receiver's First Interim Application to Allow and Pay (1) Receiver's Fees and Expenses and (2) Attorneys' Fees and Expenses [Doc. # 40] is DENIED without prejudice. The Receiver's Motion to Establish Raymond M. Marker as Owner of Real Property and to Establish Receiver's Right to Homestead Exemption from Proceeds of Judgment Execution Sale [Doc. # 54] is DENIED.

It is further ORDERED that the Receiver may file an amended application for attorneys' fees and costs with additional supporting documentation.

It is further ORDERED that the Receiver file with the Court a report on the current state of the Receivership within thirty days from the date of this Order. This report should include a summary of the current assets of the Receivership Estate, the number of potential claimants on the Estate (or the process the Receiver will use to identify potential claimants) and some indication of when the Receiver will be prepared to submit a Proposed Distribution Plan to the Court.

This the day of February 6, 2006

                                                   /s/ N. Carlton Tilley, Jr.
                                                   United States District Judge