IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:02CV01109 |
| RAYMOND MARK UNITED STATES PRIVATE INVESTMENT FUND | ) ) ) ) | |
| Defendants. | ) ) | |

JUDGMENT

TILLEY, Chief Judge

For the reasons set forth in a contemporaneously filed Memorandum Opinion, plaintiff Security and Exchange Commission's Motion for Default Judgment [Doc. # 52] is GRANTED.

It is further ORDERED that the defendants Raymond M. Marker and the United States Private Investment Fund, their agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, § 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

It is further ORDERED that the defendants Raymond M. Marker and the United States Private Investment Fund, their agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating § 17(a) of the Securities Act, 15 U.S.C. § 77q(a), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in connection with the purchase or sale of any security.

It is further ORDERED that the defendants Raymond M. Marker and the United States Private Investment Fund, their agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating §§ 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a), 77e(c), by:

> (a) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, through the use or medium of any prospectus or otherwise;
>
> (b) carrying securities or causing securities to be carried through the mails or in interstate commerce, by means or instruments of transportation, for the purpose of sale or for delivery after sale; or
>
> (c) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell securities through the use or medium of any prospectus or otherwise,

without a registration statement having been filed or being in effect with the Commission or an applicable exemption form the securities registration requirements of the federal securities laws.

It is further ORDERED that Raymond M. Marker and the United States Private Investment Fund are jointly and severally liable for the disgorgement of

$4,645,679 in profits gained as a result of the conduct alleged in the Amended Complaint.  In addition, Mr. Marker and the United States Private Investment Fund are jointly and severally liable for $405,575 in prejudgment interest, for a total of $5,051,254.

It is further ORDERED that Raymond M. Marker and the United States Private Investment Fund pay $500,000 in civil penalties pursuant to § 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and § 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

It is further ORDERED that the Defendants shall satisfy the payments specified above by paying those amounts within thirty (30) business days to the Clerk of this Court, together with a cover letter identifying Raymond M. Marker and the United States Private Investment Fund as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  The Defendants shall be entitled to reduce the disgorgement and prejudgment interest amounts ordered above by the amount of any restitution that they pay in the criminal proceeding against Raymond M. Marker, <u>United States v. Raymond Marker</u>, No. 1:04CR10-1 (M.D.N.C. Oct. 21, 2004).  The Defendants shall simultaneously transmit photocopies of such payment in a letter to the SEC's counsel in this action.

It is further ORDERED that this Court shall retain jurisdiction over this matter

for the purposes of enforcing the terms of this Order.

This the day of March 30, 2006

    /s/ N. Carlton Tilley, Jr.
United States District Judge