IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:02CV01109 |
| RAYMOND MARKER and UNITED STATES PRIVATE INVESTMENT FUND, | ) ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM ORDER

This matter is before the Court on the following motions: (1) Application to Allow and Pay Accountant's Fees and Expenses [Doc. # 66]; (2) Application to Allow and Pay Receiver's Fees and Expenses and Attorneys' Fees and Expenses [Doc. # 67]; and (3) Motion to Terminate Receivership and Authorize Final Payment of Accountants' and Attorneys' Fees and Expenses [Doc. # 68.]

I.

On September 30, 2003, the Court appointed a Receiver for the estate of Raymond M. Marker and United States Private Investment Fund ("USPIF") [Doc. # 37].[1] Under this Order, the Receiver was given all powers and rights necessary to efficiently administer and manage the Receivership Estate. The Receivership Estate

---

[1] Thomas W. Waldrep, Jr. was originally appointed as Receiver for the Marker and USPIF estate. Mr. Waldrep was replaced as Receiver by Elizabeth M. Repetti by Order dated May 21, 2004 [Doc. # 49].

was defined to include the assets of Mr. Marker, USPIF, and any other entity owned or controlled by Mr. Marker or USPIF. Among the powers given to the Receiver was the power to employ and engage others to assist her in carrying out her duties. (Order Appointing Receiver, Sept. 30, 2003, pt. II, ¶ f.) However, any payments from the Receivership Estate for outside services are subject to Court approval. Id.

II.

On March 12, 2004, the Receiver filed an application with the Court requesting that the Court allow and pay accountant's fees and expenses (the "Initial Application for Accountant's Fees") in the amount of $39,640.40 for the time period November 9, 2003 through December 31, 2003. On October 27, 2005,[2] the Court denied the Initial Application for Accountant's Fees without

---

[2] As discussed in the Court's October 27, 2005 Memorandum Order [Doc. # 56] and the February 6, 2006 Memorandum Order [Doc. # 58], a district court is required to consider several factors when evaluating the reasonableness of a fee award for professional services. Barber v. Kimbrell's, Inc. 577 F.2d 216, 226 n.28 (4th Cir. 1978) (considering requested attorneys' fees); In re G.G. Moss Co., Inc., No. 94-2587, 1995 WL 357803, at *2 (4th Cir. June 15, 1995) (considering requested fees for professional accounting services).

These factors include (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the services rendered; (4) the opportunity costs of accepting the case; (5) the customary fee for similar work; (6) the professional's expectations at the outset of the employment; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and abilities of the professional; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the Client; and (12) fee awards in similar cases. Barber, 577 F.2d at 226 n.28 (discussing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)).

2

prejudice and requested that the Receiver provide the Court with additional information "concerning how comparable the hourly rate charged by [the accountant] is to other accountants in the Middle District or how the fees in this case compare to fees awarded in similar cases." [Doc. # 56].

On January 25, 2007, the Receiver filed an Amended First Interim Application to Allow and Pay Accountant's Fees and Expenses (the "Amended Application for Accountant's Fees". [Doc. # 66]. The Amended Application for Accountant's Fees provided the information previously requested by the Court.

In addition, on January 25, 2007, the Receiver filed a Motion to Terminate Receivership and Authorize Final Payment of Accountants' and Attorneys' Fees and Expenses (the "Final Payment Application"). [Doc. # 68]. In the Final Payment Application, the Receiver sought additional Accountants' Fees incurred since the date the Initial Application for Accountants' Fees was filed. The Receiver has received additional invoices totaling $66,076.63. However, the Receivership Estate lacks sufficient funds to pay these additional fees. In particular, if the Amended Applications for Attorneys' Fees and Accountant's Fees are approved, the funds remaining in the Receivership Estate will total only $14,382.03. From these funds, the Receiver has requested approval to pay $7,191.01 to the Accountants.

In consideration of the Johnson factors as well as the information contained in the Initial Application for Accountant's Fees, the Amended Application for

3

Accountant's Fees, and the Final Payment Application, it is determined that the requested Accountant's fees in the amount of $46,831.41 (the sum of the $39,640.40 requested in the Initial and Amended Application for Accountant's Fees and the $7,191.01 requested in the Final Payment Application) are reasonable and therefore are APPROVED.

III.

On March 5, 2005, the Receiver filed an Application requesting that the Court allow and pay Receiver's fees and expenses and attorneys' fees and expenses (the "Initial Application for Attorneys' Fees") in the amount of $27,406.57 for the time period from September 30, 2003 through December 31, 2003. [Doc. # 40]. On February 6, 2006, the Court entered an Order denying the Application without prejudice and requesting additional information regarding "how comparable the hourly rate charged by [the attorneys] is to other attorneys in the Middle District or how the fees in the case compared to fees awarded in similar cases." [Doc. # 57].

On January 25, 2007, the Receiver submitted an Amended First Interim Application to Allow and Pay Receiver's Fees and Expenses and Attorneys' Fees and Expenses [the "Amended Application for Attorneys' Fees"). [Doc. # 67]. The Amended Application for Attorneys' Fees contained the information requested by the Court in the February 6, 2006 Order.

In the Final Payment Application, the Receiver sought additional attorneys'

4

fees incurred since the date the Initial Application for Attorneys' Fees was filed. The Receiver has received additional invoices totaling $190,981.05. However, the Receivership Estate lacks sufficient funds to pay these additional fees. In particular, if the Amended Applications are approved, the funds remaining in the Receivership Estate will total only $14,382.03. The Receiver has requested approval to pay $7,191.02 to the attorneys.

In consideration of the <u>Johnson</u> factors as well as the information contained in the Initial Application for Attorneys' Fees, the Amended Application for Attorneys' Fees, and the Final Application, it is determined that the requested Attorneys' fees in the amount of $34,597.59 (the sum of the $27,406.57 requested in the Initial and Amended Application for Attorneys' Fees and the $7,191.02 requested in the Final Payment Application) are reasonable and therefore are APPROVED.

## III.

The Receiver has also submitted a final accounting of the Receivership Estate and has requested that the Court enter any order closing the Receivership. As discussed above, the approved payments to the accountants and attorneys will deplete the assets of the Receivership Estate. Therefore, it is ORDERED that:

(1) Accountant's fees in the amount of $46,831.41 are APPROVED.

(2) Attorneys' fees in the amount of $34,597.59 are APPROVED.

(3) The Final Accounting of the Receivership Estate is APPROVED.

(4)     The Receiver is authorized to retain all books and records of the Receivership for one year from the date of this Order and is authorized to destroy the records after that date.

(5)     The Receivership is CLOSED.

This the day of September 17, 2007

                                              /s/ N. Carlton Tilley, Jr.
                                              United States District Judge